IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARBARA MICHELLE BUSH | * | |
| v. | * | Civil Action Case No.  DKC-10-335 |
| COMMISSIONER ASTRUE | * | |
| COMMISSIONER ZIPORKIN | | |
| COMMISSIONER SIMMONS | * | |
| ANITA R. MONTS, FIELD OFFICE MANAGER FOR SOCIAL SECURITY ADMINISTRATION | * | |
| | *** | |

**MEMORANDUM OPINION**

Plaintiff Barbara Michelle Bush ("Bush") was found mentally incompetent to stand trial and remains on conditional release while her federal criminal charges are pending. *See United States v. Bush*, Criminal No. L-06-0202 (D. Md.).  This complaint raises a defamation claim of libel against three Commissioners and a Field Office Manager for Social the Security Administration.  Bush claims that in July of 2007, Defendants deliberately created a false document and statement and "communicated to state and federal governments and the public that she was imprisoned in February of 2007 for conviction of a crime." Paper No. 1.  She appears to allege that her disability income was stopped, leaving her unable to pay her rent, and resulting in her eviction and destruction of her property.[1]  No particular relief is sought.  Bush seeks a waiver of the civil filing fee.  The request shall be granted.

---

[1] Bush filed a complaint raising identical allegations in December of 2007.  *See Bush v. Commissioner, et al.*, Civil Action No. DKC-07-3260. (D. Md.).  The pure defamation component of the complaint was dismissed, but Bush was granted an additional period of time to supplement her Complaint "to file a claim for appealing the denial of Social Security benefits."  Bush subsequently sought to dismiss her case voluntarily and this request was granted on February 28, 2008.  Almost two years later, Bush filed the instant Complaint.

Bush's *pro se* claim may be generously construed as a straightforward tort claim, a civil rights claim, and/or a challenge to the Social Security Administration's ("SSA") erroneous decision to suspend her disability benefits. Insofar as she wishes to raise a due process claim under *Bivens*,[2] the case of *Schweiker v. Chilicky,* 487 U.S. 412 (1988) is instructive. There, the Court addressed the question of "[w]hether a Bivens remedy should be implied for alleged due process violations in the denial of social security disability benefits." *Id*. at 420. The Court held that a plaintiff may not recover monetary damages against a government official for erroneous termination of Social Security benefits. *Id*. at 429.

Claimants who wish to challenge the denial of disability benefits may avail themselves of administrative procedures before the SSA. Further, 42 U.S.C. § 405(g) provides a separate statutory basis for challenging the decision of the Commissioner of the SSA in the federal district courts. Title 42 U.S.C. § 405(g) reads in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party....may obtain a review of such decision [in the federal district court] by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

To the extent Bush wishes to challenge the alleged 2007 cessation of her disability benefits under 42 U.S.C. § 405(g), she has failed to show that she exhausted her administrative remedies by filing an administrative complaint to appeal the denial of Social Security benefits and receiving a final decision from the Commissioner. She has also neglected to demonstrate that she timely filed for § 405(g) review in this court.

---

[2] *See Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Further, to the extent that Bush wishes to raise a claim of libel against the federal Defendants, such a claim is not actionable under 28 U.S.C. § 1331.  Section 1331 authorizes federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  The Court does not construe Bush's libel claim as one arising under federal law, and the claim therefore does not fall under § 1331.  *See Fisher v. Lynch*, 531 F.Supp.2d 1253, 1270 (D. Kan. 2008).

Finally, insofar as Bush's libel claim may be construed as one filed under the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"), the claim will be dismissed.   Title 28 U.S.C. § 2680(h) excepts libel actions from the reach of the FTCA. *Popovic v. United States*, 175 F.3d 1015 (4th Cir. 1999) (unpublished).  Moreover, Title 28 U.S.C. § 1346(b) states that:

> "An action shall not be instituted upon a claim against the United States which has been presented to a  federal agency, for money damages for injury or loss  of property or personal injury or death caused by the negligent or wrongful act or omission of an  employee of the government while acting within the  scope of his authority, unless such federal agency has made final disposition of the claim."

A key jurisdictional prerequisite to filing suit under the FTCA involves the presentation of an administrative claim to the government within two years of the incident. *See* 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or unless the action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."); s*ee also Kototis v. U.S. Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000).  Moreover, "the requirement of filing an administrative claim is jurisdictional and may not be waived."  *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986).   Bush's claims concern alleged libelous behavior occurring in July of 2007.  In the absence of evidence which establishes that Bush exhausted her tort remedies and filed this action in a timely manner, this court is without

subject matter jurisdiction to substantively review her claim against Defendants under the FTCA. *See Plyler v. United States*, 900 F.2d 41 (4th Cir. 1990); *Henderson v. United States*, 785 F.2d at 123-24.

For the aforementioned reasons, Bush's complaint shall be dismissed. A separate order effecting the rulings made in this Memorandum Opinion is being entered herewith.

Date:  March 3, 2010                              _____/s/_____
                                                  DEBORAH K. CHASANOW
                                                  United States District Judge